IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINDBER HOSPITAL d/b/a CHAN SOON SHIONG MEDICAL CENTER, on behalf of himself and all others similarly situated | : : : : : | No: 2:20-cv-80 |
| Plaintiff, | : : : | COMPLAINT – CLASS ACTION |
| vs. | : : | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | : : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## CLASS ACTION COMPLAINT

**AND NOW,** Plaintiff Windber Hospital (herein "Plaintiff" or "Plaintiff Medical Center") brings this action individually and on behalf of others similarly situated (The proposed Class), and alleges as and for their Class Action Complaint against: Travelers Property Casualty Company of America (hereinafter referred to as "Defendant Travelers" or "Defendant"), upon personal knowledge as to itself, and its own acts, and to all other matters upon information and belief, based upon, *inter alia,* the investigation made by its attorneys, as follows:

### INTRODUCTION

1.     This is a proposed class action brought by Plaintiff Medical Center on behalf of itself and others similarly situated citizens of the Commonwealth of Pennsylvania who have sustained covered losses caused by COVID-19

virus and were issued a policy of insurance providing , *inter alia*, business income, extra expense, contamination, civil authority and other applicable coverages to each class member; (b) the putative class member has suffered covered losses under those policies by reason of the COVID-19 virus and referenced Orders; and (c) Defendant Travelers has disclaimed coverage and/or refused to acknowledge coverage under the policy in question for the loss.

2.      The present action seeks declaratory and injunctive relief with respect to insurance coverage for losses caused by the COVID-19 virus and the governmental Orders entered in connection therewith.

## PARTIES

3.      Plaintiff, Chan Soon – Shiong Medical Center at Windber ("Medical Center") is a corporation organized and existing under the Commonwealth of Pennsylvania, with its principal place of business located at 600 Somerset Avenue, Windber, Pennsylvania 15963; as such, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

4.      Plaintiff owns and operates Chan Soon – Shiong Medical Center at Windber, Johnstown and Portage, Pennsylvania.

5.      Defendant, Travelers Property Casualty Company of America, ("Travelers") is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford,

Connecticut, being duly authorized to and regularly and routinely conducting business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

6.    This court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332(d)(2)(A) in that the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is class action in which members of the Putative Class are citizens of States different from Defendant Travelers.

7.    No administrative or other non-judicial adjudicative body in the Commonwealth of Pennsylvania has jurisdiction or authority to hear disputes raised in this litigation regarding Plaintiff's and the proposed class' claims against Defendant Travelers.

8.    Venue is proper pursuant to 15 U.S.C. § 80b-14 and U.S.C. § 1391.

9.    Defendant Travelers regularly conducts and solicits business in this District.

## INSURANCE COVERAGE

10.    At all times material hereto, there existed, in full force and effect, a Deluxe Property Policy (No. P-630-4C211340-TIL-19) ("Travelers Policy") issued by Defendant, Travelers, to Plaintiff, Medical Center, providing, *inter alia*, property, business, personal property, business income, extra expense, continuation, civil authority and additional coverages applicable to the losses

3

clamed in this action.  A true and correct copy of the Travelers Policy is attached hereto and marked as Exhibit "A".

11.    The Travelers Policy was in effect and provided coverage for the period October 19, 2019 to October 19, 2020.

12.    The Travelers Policy is an "All Risks" policy which provides coverage for losses to the insured premises unless specifically excluded.

13.    The Travelers Policy does not exclude the losses caused by the Coronavirus Pandemic.

14.    The Travelers Policy provides coverage for the losses incurred by Plaintiff, Medical Center, as a result of the Coronavirus Pandemic and the actions of the government in response thereto.

## CORONAVIRUS PANDEMIC

11.    The Center for Disease Control and the World Health Organization has for years warned of the possibility of an airborne virus which could cause a worldwide pandemic.

12.    Coronavirus COVID-19 is a highly contagious airborne virus which has rapidly spread and continues to spread across the United States.

13.    COVID-19 has been declared a pandemic by the World Health Organization.

14.    The COVID-19 virus remains stable and transmittable in aerosols and various surfaces for prolonged periods of time, up to two to three days on some surfaces.

15.    The COVID-19 pandemic has been exacerbated by the fact that the virus infects and stays on the surfaces of objects and materials for prolonged periods.

16.    The COVID-19 virus is a public health crisis that has profoundly affected all aspects of society, including the ability of the public to congregate and gather.

17.    The Center for Disease Control has issued guidance that gatherings of more than ten (10) people should not occur; such gatherings increase the danger of contracting the COVID19 virus.

18.    On March 6, 2020, Governor Tom Wolf issued a Proclamation of Disaster Emergency as a result of the COVID-19 virus.

19.    On March 19, 2020, Governor Tom Wolf issued an Order requiring all non-life sustaining businesses in the Commonwealth to cease operation and to close all physical locations.

20.    On March 23, 2020, Governor Tom Wolf issued a Stay at Home Order for citizens of various counties in Pennsylvania.

21.    On March 23, 2020 the Pennsylvania Department of Health issued a similar Order noting that the "operation of non-life sustaining businesses present the opportunity for unnecessary gatherings, personal contact and interaction that will increase the risk of transmission and the risk of community spread of COVID-19."

22.    On April 1, 2020, Governor Tom Wolf enforced the March 23, 2020 Stay at Home Order to the entire Commonwealth of Pennsylvania.

23.    On April 20, 2020, Governor Tom Wolf extended the March 23, 2020 Stay at Home Order to May 8, 2020 for the entire Commonwealth of Pennsylvania.

24.    The COVID-19 virus, as evidenced by these Orders, causes damage to property, particularly in places of business, such as that of Plaintiff, Medical Center, and other similarly situated persons and organizations, where the operation of the business requires inter-action, gatherings and contact in areas where there exists a heightened risk of contamination by the COVID-19 virus.

**IMPACT OF COVID-19 VIRUS**

25.    As a result of the impact of the COVID-19 virus and the referenced Orders of the Governor, Plaintiff, Medical Center, has been ordered to close its business and forced to furlough employees, thereby incurring loss.

26.    As a result of the impact of the COVID-19 virus and the referenced Orders of the Governor, many similarly situated businesses have been ordered to close, thereby incurring losses similar to Plaintiff.

27.    The business of Plaintiff, Medical Center, like many businesses, operates in "closed environment" where many persons, including employees and customers, cycle in and out thereby creating a risk of contamination to the insured premises.

28.    As a result of the COVID-19 virus, the business of Plaintiff, Medical Center, like other similarly situated businesses, is susceptible to person to person, person to property, and property to person transmittal and contamination.

29.    The COVID-19 pandemic has directly and adversely affected the business operations of Plaintiff, Medical Center, by causing damage and the risk of further harm to the property and its occupants.

30.    Plaintiff, Medical Center, has suffered Business Income, Civil Authority and other related losses which are covered by policies of insurance issued by the Travelers Policy.

## PLAINTIFF'S ALLEGATIONS

31.    Plaintiff, Medical Center, has made claim upon Defendant, Travelers, for recovery of losses caused by the COVID-19 virus and the referenced Orders.

32.    Plaintiff, Medical Center, is entitled to a declaration that he is covered under the Travelers Policy for, *inter alia*, business income, extra expense, contamination, civil authority and other coverages under the Travelers Policy.

33.    Plaintiff, Medical Center, is entitled to recover for all losses caused by the COVID-19 virus and the referenced Orders under the Travelers Policy.

34.    Defendant, Travelers, has wrongfully denied the claims Plaintiff, Medical Center, for recovery of damages caused by the COVID-19 virus and

referenced Orders. A true and correct copy of the Travelers Denial of Coverage

Letter is attached hereto and marked as Exhibit "B".

35.     Plaintiff, Medical Center, is entitled to a declaration that the policies

of insurance issued Defendant, Travelers, provide coverage for the losses

caused by the COVID-19 virus and referenced Orders.

36.     Plaintiff, Medical Center, is entitled to an Order enjoining Defendant,

Travelers, from denying coverage to insureds for business income, extra

expense, contamination, civil authority and other coverages for losses caused

by the COVID-19 virus and referenced Orders.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff and the Class incorporate by reference each preceding and

succeeding paragraph as though fully set forth therein.

38.     Plaintiff brings all claims herein as class pursuant to Fed. R. Civ. P.

23. The requirements of Fed. R. Civ. P. 23 (a), (b)(2) and (b)(3) are met with

the class defined below.

39.     Defendant, Travelers, has wrongfully denied and/or failed to

acknowledge the coverage to persons or organizations who have sustained

covered losses caused by the COVID-19 virus and the referenced Orders.

40.     Plaintiff, Medical Center, seeks to represent a class of Pennsylvania

citizens who have sustained covered losses caused by the COVID-19 virus

and the referenced Orders where: (a) Defendant, Travelers, issued a policy of

DocuSign Envelope ID: 2726FD26-65D2-4496-8E32-A137C32895C4

insurance providing, *inter alia*, business income, extra expense, contamination, civil authority and other applicable coverages to each class member; (b) the putative class member has suffered covered losses under those policies by reason of the COVID-19 virus and referenced Orders; and (c) Defendant, Travelers, has disclaimed coverage and/or refused to acknowledge coverage under the policy in question for the loss.

41. Plaintiff, Medical Center, reserves the right to amend the definition and/or identify subclasses upon completion of class certification.

42. The putative class is limited to citizen citizens of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

43. The members of the class are so numerous that joinder of them is impracticable.

44. Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of Defendant, Travelers.

45. A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and receive the necessary underinsured motorist benefits under the policies of insurance in question.

46. A class action is the only practicable means available to prevent the Defendant, Travelers, from engaging in the continuous and systematic denial

DocuSign Envelope ID: 2726FD26-65D3-4496-8E22-4437C33885C4

and disclaimer of coverage for losses caused by the COVID-19 virus and referenced Orders.

47.  The questions of law and fact are common to the members of the class which Plaintiff, Medical Center, seeks to represent.

48.  The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

49.  The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

> (a) Each member of the class suffered losses as a result of the COVID-19 virus and referenced Orders;
>
> (b) Each member of the class is an insured under a policy of insurance issued by Defendant, Travelers, which provided business income, extra expense, contamination, civil authority and other coverages applicable to the loss;
>
> (c) Each class member is eligible to recover under the policy issued by Defendant, Travelers, for the losses caused by the COVID-19 virus and the referenced Orders;
>
> (d) Defendant, Travelers, has denied or refused to acknowledge coverage for the loss;
>
> (e) The denial or refusal to acknowledge coverage is illegal and a breach of the terms and provisions of the policy at issue; and
>
> (f) Each member of the class is entitled to a declaration that he or she is entitled to recover under the policy of insurance issued by Defendant, Travelers, for the losses caused by the COVID-19 virus and referenced Orders.

50.  Plaintiff, Medical Center, is a member of the class that he seeks to represent.

**10**

51.     The claims Plaintiff, Medical Center, are typical of the claims of other members of the class which he purports to represent.

52.     Plaintiff, Medical Center, is well qualified to act as class representative.

53.     Plaintiff, Medical Center, will fairly and adequately protect the interests of the members of the class.

54.     Plaintiff, Medical Center, has no interest that is adverse or antagonistic to the interests of the members of the class.

55.     Plaintiff, Medical Center, is committed to prosecuting the class action.

56.     Plaintiff, Medical Center, has retained competent counsel who are experienced in litigation of this nature.

57.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58.     The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

59.     It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

60.     Plaintiff, Medical Center, anticipates no difficulty in the management of this action as a class action.

61.     The class action brought by Plaintiff, Medical Center, is a convenient and proper forum in which to litigate the claim.

62.     The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront Defendant, Travelers, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

63.     Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

64.     Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of Defendant, Travelers.

## CAUSE OF ACTION
### COUNT I
### (Declaratory Relief)

65.     Plaintiff, Medical Center, hereby incorporates by reference the foregoing Paragraphs 1 through 35 of this Complaint as though same were fully set forth herein.

66.     Plaintiff, Medical Center, is entitled to coverage under the Travelers Policy for the losses caused by the COVID-19 virus and referenced Orders.

DocuSign Envelope ID: 2728FD26-65D2-4496-8E22-4437G33885C4

67.     Defendant, Travelers, has denied and/or refused to acknowledge coverage for the losses of Plaintiff, Medical Center, caused by the COVID-19 virus and the referenced Orders.

68.     Plaintiff, Medical Center, is entitled to recover for losses covered by the COVID-19 virus and the referenced Orders under the Travelers Policy.

69.     Defendant, Travelers, has wrongfully refused to provide coverage to Plaintiff, Medical Center, under the Travelers Policy.

70.     The denial and refusal to acknowledge coverage to Plaintiff, Medical Center, under the Travelers Policy is a material breach of that policy.

71.     The denial and refusal to acknowledge coverage to Plaintiff, Medical Center, under the Travelers Policy is in direct violation of the specific terms and provisions of the Travelers Policy.

72.     Plaintiff, Medical Center, is entitled to a declaration that he is entitled to coverage for losses caused by the COVID-19 virus and the referenced Orders.

73.     The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

74.     The controversy involves substantial rights of the parties to the action.

75.     The controversy poses an issue for judicial determination which is not within the scope of authority of any arbitrator or arbitration panel pursuant to the policy of insurance in question.

76.     A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

77.     A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

WHEREFORE, Plaintiff, Chan Soon – Shiong Medical Center at Windber, respectfully requests that the Court enter an Order:

(a)     declaring that Plaintiff, Chan Soon – Shiong Medical Center at Windber, is entitled to coverage for losses caused by the COVID-19 virus and the referenced Orders from Defendant, Travelers Property Casualty Company of America;

(b)     such other relief as the court deems appropriate.

## COUNT II
## (Injunctive Relief)

49.     Plaintiff, Medical Center, hereby incorporates by reference the foregoing Paragraphs 1 through 48 of this Complaint as though same were fully set forth herein.

50.     Plaintiff, Medical Center, has made claim upon Defendant, Travelers, for coverage for losses caused by the COVID-19 virus and the referenced Orders including but not limited to business income, extra expense, contamination, civil authority and other coverages.

**14**

51.    Defendant, Travelers, has denied or refused to acknowledge coverage for the loss.

52.    Defendant, Travelers, continues to deny and/or refused to acknowledge coverage for the losses caused by the COVID-19 virus and the referenced Orders.

53.    Plaintiff, Medical Center, has suffered damages and/or is at immediate risk of suffering damages as a result of the continued denial and/or refusal to acknowledge coverage by Defendant, Travelers, for the loss caused by the COVID-19 virus and the referenced Orders.

54.    Defendant, Travelers, must be enjoined from continuing to deny and/or refuse to acknowledge coverage to insureds for losses caused by the COVID-19 virus and the referenced Orders.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, Chan Soon – Shiong Medical Center at Windber, respectfully requests that the Court enter an Order enjoining Defendant, Travelers Property Casualty Company of America, from further denying coverage to Plaintiff, Chan Soon – Shiong Medical Center at Windber, for losses caused by the COVID-19 virus and the governmental Orders.

WHEREFORE, Plaintiff, Chan Soon – Shiong Medical Center at Windber, respectfully requests that the Court enter judgment against Defendant,

Travelers Property Casualty Company of America, for all covered losses and

damages under the Travelers Policy.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims and issues.


HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY: _____
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600


SCHMIT KRAMER, P.C.

BY: _____
SCOTT B. COOPER, Esquire
PA Attorney I.D. #70242
209 State Street
Harrisburg, PA  17101
(717) 232-6300


JACK GOODRICH & ASSOCIATES

BY: _____
JOHN P. GOODRICH, Esquire
PA Attorney I.D. #49648
429 Fourth Avenue
Pittsburg, PA  15219
(412) 261-4663


KOHN, SWIFT & GRAF, P.C.

BY: _____
JONATHAN SHUB, Esquire
PA Attorney I.D. #53965
1600 Market Street, Suite
Philadelphia, PA 19103
(215) 238-1700


Attorneys for Plaintiffs