IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINDBER HOSPITAL d/b/a CHAN SOON SHIONG MEDICAL CENTER, on behalf of itself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>*Defendant*. | Case No. 3:20-CV-00080-KRG |

### DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(c), Defendant Travelers Property Casualty Company of America ("Travelers") hereby moves for judgment on the pleadings with respect to the entire Complaint, for failure to state a claim upon which relief may be granted. The bases for this motion, more fully stated in the accompanying memorandum of law, are as follows:

In its Complaint, Plaintiff seeks coverage under the Civil Authority, Business Income, Extra Expense and "contamination" provisions of a property insurance policy (the "Policy") issued by Travelers, for business income and extra expense losses "caused by the COVID-19 virus and the governmental Orders entered in connection therewith." Compl. ¶ 2. As a matter of law, Plaintiff cannot establish entitlement to any of the coverages being sought for the following reasons:

- Plaintiff cannot establish entitlement to Civil Authority coverage as a matter of law because the policy contains a virus exclusion—expressly applicable to the Civil Authority coverage—that excludes coverage for "loss or damage caused by or

resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." Policy, Doc. 1-2, at 38.

- In addition, Plaintiff cannot establish entitlement to Civil Authority coverage as a matter of law because Plaintiff has not alleged (and cannot allege) facts capable of establishing the express prerequisites to such coverage, namely, that access to the area surrounding and including Plaintiff's premises was prohibited by a civil authority as a result of damage to property other than property at the insured premises. Policy, Doc. 1-2, at 58-59. The Complaint does not allege that access to the area surrounding Plaintiff's property was prohibited by a civil authority. In addition, as the Complaint concedes, the governmental orders were issued to reduce "the risk of transmission and the risk of community spread of COVID-19." Compl. ¶ 21. The orders were not issued due to any property damage.

- Plaintiff cannot establish entitlement to Business Income coverage or Extra Expense coverage as a matter of law because Plaintiff has not alleged (and cannot allege) any facts demonstrating that Plaintiff suffered a "direct physical loss of or damage to property at the [insured] premises," an express prerequisite to such coverages. Policy, Doc. 1-2, at 57.

- In addition, Plaintiff cannot establish entitlement to Business Income and Extra Expense coverage as a matter of law because, like Civil Authority coverage, the Business Income and Extra Expense coverages do not apply to losses caused by or resulting from a virus.

- Plaintiff fails to allege a plausible claim under the Ordinance or Law–Communicable Disease Contamination Coverage provided by an endorsement to the Policy. The

prerequisites for this coverage are: (1) the insured premises were in fact contaminated by a "communicable disease"; (2) Plaintiff incurred "additional costs" (i.e., in addition to normal operating costs of Plaintiff's medical facilities, such as normal cleaning costs) to clean up and remove "communicable disease"; and (3) the "additional costs" were "due to the enforcement of" an ordinance or law requiring such additional cleanup costs to be incurred. Policy, Doc. 1-2, at 78. The Complaint does not allege facts that would establish that any of these three prerequisites for the Ordinance or Law–Communicable Disease Contamination Coverage have been satisfied.

- Without a plausible claim for coverage under the Policy, Plaintiffs' causes of action for declaratory judgment and injunctive relief both fail to state a claim.
- Plaintiff's putative class allegations cannot survive because Plaintiff's individual claims fail to state a claim.

WHEREFORE, Travelers respectfully requests that the Court grant its motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and direct the Clerk to enter a final judgment in favor of Travelers on all of Plaintiff's claims.

Respectfully submitted,

By:    */s/ Richard D. Gable, Jr.*
      Richard D. Gable, Jr. (Pa. ID No. 65842)
      Butler Weihmuller Katz Craig LLP
      1818 Market Street
      Suite 2740
      Philadelphia, PA 19103
      Tel: 215-405-9191
      Fax: 215-405-9190
      E-mail: rgable@butler.legal

      Stephen E. Goldman (*pro hac vice* motion filed)
      Wystan M. Ackerman (*pro hac vice* motion filed)

        Robinson & Cole LLP
        280 Trumbull Street
        Hartford, CT  06103
        Tel: 860-275-8200
        Fax: 860-275-8299
        E-mail: sgoldman@rc.com
        E-mail: wackerman@rc.com

        Attorneys for Defendant
        Travelers Property Casualty Company of America

## **CERTIFICATE OF SERVICE**

I, Richard D. Gable, Jr., certify that on June 9, 2020, I caused a true and correct copy of the foregoing to be served via ECF upon the following:

>James C. Haggerty, Esq.
>Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
>chesser@hgsklawyers.com
>
>Scott B. Cooper, Esq.
>Schmit Kramer, P.C.
>scooper@schmidtkramer.com
>
>*Attorneys for Plaintiff, Windber Hospital d/b/a Chan Soon Shiong Medical Center*

>*/s/ Richard D. Gable, Jr.*_____
>Richard D. Gable, Jr.