**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WINDBER HOSPITAL d/b/a CHAN SOON SHIONG MEDICAL CENTER, on behalf of itself and all others similarly situated, | : : : | |
| | : | NO. 3:20-CV-00080-KRG |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | : : | |
| | | |
| Defendant. | | |

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1.   **Identification of Counsel:**

**Counsel for Plaintiff:**

James C. Haggerty, Esq.
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
chesser@hgsklawyers.com

Scott B. Cooper, Esq.
Schmidt Kramer, P.C.
209 State Street
Harrisburg, PA 17101
scooper@schmidtkramer.com

**Counsel for Defendants:**

Richard D. Gable, Jr., Esq.
Butler Weihmuller Katz Craig, LLP
1818 Market Street, Ste. 2740
Philadelphia, PA  19103
rgable@butler.legal
Tel.:  (215) 405-9191
Fax:  (215) 405-9190

Stephen E. Goldman, Esq. (pro hac vice)
Wystan M. Ackerman, Esq. (pro hac vice)
Robinson & Cole LLP

280 Trumbull Street
Hartford, CT  06103
Tel: 860-275-8200
Fax: 860-275-8299
E-mail:  sgoldman@rc.com
E-mail:  wackerman@rc.com

2.  **General Nature of the Case:**  This putative class action case arises from the COVID-19 pandemic. Plaintiff Windber Hospital d/b/a Chan Shoon Shiong Medical Center ("Plaintiff" or "Windber") alleges that, under a commercial insurance policy issued by Travelers Property Casualty Company of America ("Defendant" or "Travelers"), Plaintiff is entitled to recover for business income and extra expense losses allegedly caused by the COVID-19 virus and orders issued by Pennsylvania Governor Tom Wolf and the Pennsylvania Department of Health in connection therewith. Plaintiff seeks to represent a class defined as "Pennsylvania citizens who have sustained covered losses caused by the COVID-19 virus and the referenced Orders," and whose claims for business income, extra expense, contamination, civil authority and other coverages have been denied by Travelers. (Complaint, ¶ 40.) Travelers denied coverage for Plaintiff's insurance claim and maintains that, based on a virus exclusion and other relevant policy provisions set forth in Travelers' motion for judgment on the pleadings, the insurance policy does not provide coverage for Plaintiff's claim. Travelers also maintains that certification of Plaintiff's proposed class would be improper for various reasons, including that each insurance claim must be evaluated based on its specific facts as applied to the relevant insurance policy provisions.

3.  **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**  Attorneys Cooper (for Plaintiff), Gable and Ackerman (for Travelers) participated in the Rule 26(f) conference on July 1, 2020. All parties were served and entered appearances prior to the conference.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**  July 14, 2020.

5.  **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**  Travelers filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) on June 9, 2020 (Docket Entry Nos. 10 and 11). Plaintiff's time to respond to that motion has been extended to July 10, 2020 (Docket Entry No. 20).

6.  **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**  The parties respectfully submit that, given that this case is a putative class action and Travelers has filed a

dispositive motion, ADR would not be productive at this time. The parties do not believe that ADR would be productive unless the Court denies Travelers motion for judgment on the pleadings and certifies a class.

7.  **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:** The parties agree that Rule 26(a) initial disclosures shall be made 14 days after the Court's ruling on Travelers' motion for judgment on the pleadings, if the motion is denied.

8.  **Subjects on which fact discovery may be needed:** The parties anticipate that discovery may be needed on the following topics: (1) Plaintiff's claimed losses as alleged in the Complaint; (2) Plaintiff's insurance claim with Travelers that is the subject of the Complaint; (3) Plaintiff's adequacy to represent the proposed class; and (4) facts relevant to whether a class can be certified under Fed. R. Civ. P. 23.

9.  **Suggested dates for the following:**

    a.  **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** 14 days after the Court's ruling on Travelers' motion for judgment on the pleadings (if the motion is denied)

    b.  **Date by which any additional parties shall be joined:** Not applicable

    c.  **Date by which the pleadings shall be amended:** A motion for leave to amend under Fed. R. Civ. P. 15(a) may be made no later than 60 days after the Court's ruling on Travelers' motion for judgment on the pleadings (if the motion is denied or granted without prejudice).

    d.  **Date by which fact discovery should be completed:** See section 9(e) below regarding proposed phasing of discovery.

    e.  **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** The parties agree that discovery will not be commenced until after the Court has decided Travelers' motion for judgment on the pleadings (if the motion is denied). Fact discovery focused on class certification issues shall be completed within 150 days of the Court's ruling on Travelers' motion for judgment on the pleadings (if the motion is denied). If the Court grants a motion for class certification, the parties will confer regarding whether additional discovery is needed on the merits

3

of the claims of any certified class and, if so, propose a schedule for such discovery.

    f.  **Date by which plaintiff's expert reports should be filed:** <u>If Plaintiff intends to use any expert testimony in support of its motion for class certification, any such expert testimony shall be disclosed within 150 days of the Court's ruling on Travelers' motion for judgment on the pleadings. If the Court grants a motion for class certification, the parties will confer regarding whether additional expert disclosures are needed on the merits of the claims of any certified class and, if so, propose a schedule for such expert discovery.</u>

    g.  **Date by which depositions of plaintiff's expert(s) should be completed:** <u>If Plaintiff intends to use any expert testimony in support of its motion for class certification, any such experts shall be deposed within 180 days of the Court's ruling on Travelers' motion for judgment on the pleadings.</u>

    h.  **Date by which defendant's expert reports should be filed:** <u>If Defendant intends to use any expert testimony in opposition to Plaintiff's motion for class certification, any such expert testimony shall be disclosed within 210 days of the Court's ruling on Travelers' motion for judgment on the pleadings. If the Court grants a motion for class certification, the parties will confer regarding whether additional expert disclosures are needed on the merits of the claims of any certified class and, if so, propose a schedule for such expert discovery.</u>

    i.  **Date by which depositions of defendant's expert(s) should be completed:** <u>If Defendant intends to use any expert testimony in opposition to Plaintiff's motion for class certification, any such expert shall be deposed within 240 days of the Court's ruling on Travelers' motion for judgment on the pleadings.</u>

    j.  **Date by which third party expert's reports should be filed:** <u>Not applicable.</u>

    k.  **Date by which depositions of third party's expert(s) should be completed:** <u>Not applicable.</u>

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:** <u>The parties do not believe at this time any such changes or limitations are necessary other than those described in Paragraph 9 above.</u>

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

a. **ESI.** Is either party seeking the discovery of ESI in this case? <u>Yes, both parties intend to seek the discovery of ESI.</u>

b. **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by <u>Within 150 days of the Court's ruling on Travelers' motion for judgment on the pleadings (if the motion is denied).</u>

c. <u>**Preservation.**</u> Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI? <u>Plaintiff agrees to make reasonable efforts to preserve any e-mails or other electronic documents pertaining to its insurance claim with Travelers, its claimed losses arising from the COVID-19 pandemic, and its financial records for the last five fiscal years. Travelers agrees to make reasonable efforts to preserve electronic claim file materials and e-mails relating to Plaintiff's claims and claims that fall within the scope of the proposed class.</u>

d.  <u>**ADR.**</u> Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?  <u>See Section 6 above regarding ADR.</u>

e. <u>**Clawback Agreement.**</u> The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and: <u>the parties agree to follow the procedures set forth in the aforementioned rules.</u>

f. <u>**EDSM and E-Mediator.**</u> Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? <u>No, not at this time.</u>

g. **Other.** <u>The parties agree to the following briefing schedule on plaintiff's motion for class certification: motion to be filed within 270 days of the Court's ruling on Travelers' motion for judgment on the pleadings (if the motion is denied); opposition to be filed 60 days thereafter; reply brief to be filed 30 days after the opposition is filed.</u>

12. The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c): <u>None.</u>

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role: <u>The parties do not anticipate that a special master will be needed.</u>

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached: <u>Not applicable.</u>

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:  <u>The parties have concluded that settlement discussions would not be productive at this time given that this case is a putative class action and involves legal issues that are raised in numerous other property insurance coverage cases nationwide arising from the COVID-19 pandemic.</u>

Respectfully submitted,

|  | **Butler Weihmuller Katz Craig LLP** |
|---|---|
| _____s/ Scott Cooper_____ | _____s/ Richard Gable_____ |
| Scott B. Cooper, Esq. (Pa. ID No. 70242) | Richard D. Gable, Jr., Esq. (Pa. ID No. 65842) |
| Schmit Kramer, P.C. | 1818 Market Street, Suite 2740 |
| 209 State Street | Philadelphia, PA 19103 |
| Harrisburg, PA 17101 | Tel: 215-405-9191 |
| Tel. 717-232-6300 | Fax: 215-405-9190 |
| scooper@schmidtkramer.com | E-mail:  rgable@butler.legal |
|  |  |
| James C. Haggerty, Esq. (Pa. ID No. 30003) | Stephen E. Goldman, Esq. (pro hac vice) |
| Haggerty, Goldberg, Schleifer & Kupersmith, P.C. | Wystan M. Ackerman, Esq. (pro hac vice) |
| 1835 Market St., Suite 2700 | Robinson & Cole LLP |
| Philadelphia, PA 19103 | 280 Trumbull Street |
| Tel. 267-350-6600 | Hartford, CT  06103 |
| chesser@hgsklawyers.com | Tel: 860-275-8200 |
|  | Fax: 860-275-8299 |
|  | E-mail:  sgoldman@rc.com |
|  | E-mail:  wackerman@rc.com |
|  |  |
|  | _Attorneys for Defendant, Travelers Property_ |
| _Attorneys for Plaintiff_ | _Casualty Company of America_ |
|  |  |
| Date: 7/2/20 | Date: 7/2/20 |

6