IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINDBER HOSPITAL d/b/a CHAN SOON SHIONG MEDICAL CENTER, *on behalf of itself and all others similarly situated,* | ) ) ) ) ) | Case No. 3:20-cv-80 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This case arises from a dispute regarding the obligations of Defendant Travelers Property Casualty Company of America under a Deluxe Property Policy (the "Policy") entered into with Plaintiff Windber Hospital. Plaintiff asserts that it is entitled to recover "continuing normal operating expenses" under the Policy as a result of losses and damages stemming from governmental orders issued in response to the COVID-19 pandemic. Plaintiff brings this action individually and on behalf of a class of similarly situated entities in the Commonwealth of Pennsylvania. Pending before the Court is Plaintiff's Motion for Summary Judgment. (ECF No. 25.). At the initial Rule 16 conference, Defendant asserted that the Motion is premature because the Court has not ruled on the issue of class certification. (*See* ECF No. 27.) The Court informed the parties that it would examine this issue and render a decision on whether Plaintiff's Motion is premature. (*See id.*)

Federal Rule of Civil Procedure 23(c)(1)(A) provides that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Courts interpreting "an early practicable time" have held that this phrase precludes, or at least discourages, a court from deciding a motion that reaches the merits of the litigation before deciding the issue of class certification. *See, e.g., Koehler v. USAA Cas. Ins. Co.*, No. 19-cv-715, 2019 WL 4447623, at *3 (E.D. Pa. Sept. 17, 2019). The rationale for Rule 23's requirement that certification be determined early in the case is to avoid the potential for one-way intervention, in which members of a class benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 545–48 (1974). The rule against one-way intervention is implicated whenever a plaintiff seeks a ruling on an issue relevant to the merits of the class claims. *Koehler*, 2019 WL 4447623, at *5. When the rule is implicated, courts deny the merits-based motion without prejudice, pending a decision on class certification. *Id.* at *8.

The Court holds that Plaintiff's Motion for Summary Judgment is premature because it implicates the rule against one-way intervention. In its motion, Plaintiff seeks: (1) summary judgment in its favor and against Defendant; (2) declaratory judgment that Plaintiff is entitled to Business Income and Civil Authority coverages for "continuing normal operating expenses" under the Policy issued by Defendant; and (3) injunctive relief to enjoin Defendant from continuing to deny claims for recovery of Business Income and Civil Authority coverages for "continuing normal operating expenses" to Plaintiff and the members of the class. (ECF No. 25 at 3.) Plaintiff's Motion asks the Court to rule on the merits of Plaintiff's claims such that it could provide offensive, nonmutual estoppel to members of a proposed class that has not been certified.

-3-

To avoid the potential unfairness to Defendant by ruling on the merits of Plaintiff's claims without a certified class, the Court will defer ruling on the Motion for Summary Judgment until after the Court has ruled on a motion to certify a class.

**AND NOW**, this _14th_ day of July, 2020, it is **HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 25) is **DENIED** without prejudice.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**